# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JEFF BAYS, SR. and LISA BAYS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-CV-432 |
| | ) |
| MILL SUPPLIES, INC., STIHL, INC. and | ) |
| ANDREAS STIHL AG & CO., KG, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 3.) The Notice of Removal alleges that the Plaintiffs are residents of Wells County, Indiana, and thus citizens of Indiana. (Notice of Removal ¶ 3.) The Defendants' jurisdictional allegations, however, inadequately set forth the Plaintiffs' citizenship.

The "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Accordingly, the Defendants must amend their Notice

of Removal to properly allege the Plaintiffs' citizenship.

Furthermore, the Defendants base their claim that the Plaintiffs are citizens of Indiana "on the allegations made by the Plaintiffs in their Complaint" (Notice of Removal ¶ 3), which states that the Plaintiffs are residents of the State of Indiana. (*See* Compl. ¶ 2.) In their Answer (which was filed contemporaneously with the Notice of Removal), however, the Defendants claim that they do not have sufficient knowledge or information to respond to this allegation, and therefore deny it. (*See* Answer ¶ 2.)

Therefore, the Defendants' Notice of Removal fails the requirement that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns*, 980 F.2d at 1074); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, the Defendants cannot rest on the allegations made in the Plaintiffs' Complaint to establish diversity jurisdiction, but must instead make their allegations on their own personal knowledge.

Therefore, the Defendants are ORDERED to file an amended Notice of Removal forthwith, properly alleging on personal knowledge the citizenship of the Plaintiffs.

SO ORDERED.

Enter for December 14, 2010

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge