# UNITED STATES FEDERAL COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JEFF BAYS, SR., et al., | ) |
| | ) |
| Plaintiffs, | ) Cause No.: 1:10-CV-00432 |
| | ) |
| v. | ) |
| | ) |
| MILL SUPPLIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court in this product liability action is a Motion to Quash Purported Service of Process (Docket # 14) filed by Defendant Andreas Stihl, AG & Co., KG ("Andreas Stihl"), a German corporation, on December 22, 2010, asserting that Plaintiffs failed to comply with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial documents in Civil or Commercial Matters, 20 U.S.T. 361 (1969) (the "Hague Service Convention"), for service of process. Since the filing of the motion to quash, Plaintiffs have taken steps to effect process in accordance with the Hague Service Convention, and wisely so, as Andreas Stihl's motion to quash will be GRANTED.

### *A. Background*

Plaintiff Jeff Bays, Sr., together with his wife Plaintiff Lisa Bays, both Indiana citizens, filed this product liability suit on October 27, 2010, in the Superior Court for Allen County, Indiana, against Defendants Andreas Stihl; Mill Supplies, Inc., an Indiana corporation; and Stihl, Inc., a Delaware corporation ("Stihl"), after Jeff was injured by a power saw purportedly manufactured and sold by Defendants. (Docket # 1.) That same day, in addition to serving Mill Supplies and Stihl, Plaintiffs sent the summons via registered or certified mail to Andreas Stihl

in care of the Indiana Secretary of State. (Mot. to Quash Ex. 1.) On November 9, 2010, the Indiana Secretary of State sent the summons (in English) via registered mail to Andreas Stihl at its principal office in Germany, and Andreas Stihl received the mailing on November 30, 2010. (Mot. to Quash 1, Ex. 1.)

On December 10, 2010, Stihl removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Docket # 3.) In the notice of removal, Stihl contends that Mill Supplies's citizenship must be disregarded for purposes of determining diversity jurisdiction because it was fraudulently joined as a Defendant in this action. (Docket # 10.)

Andreas Stihl filed the instant motion to quash on December 22, 2010, seeking to quash the purported service of process on it because Plaintiffs did not comply with the terms of the Hague Service Convention. (Docket # 14.) Soon thereafter, Plaintiffs requested that this Court appoint a special process server to obtain service on Andreas Stihl in accordance with Federal Rule of Civil Procedure 4(f)(1), which provides that service may be obtained "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ." (Docket # 19.) The Court appointed the special process server the next day. (Docket # 20.)

In their response brief to the motion to quash (Docket # 24), Plaintiffs represent that although they believe service in accordance with the Hague Service Convention is not necessary, they nevertheless are in the process of effecting the steps necessary to serve Andreas Stihl in accordance with the Hague Service Convention, asserting, however, that it will take additional

2

time to complete the process.[1] In reply (Docket # 25), Andreas Stihl acknowledges Plaintiffs' commencement of service in accordance with the Convention but asserts that they should not be afforded additional time to complete the process, emphasizing that Plaintiffs "waited until near the end of the 120 day period in which to serve process" and offer no "good cause" for their delay. (Reply 6-7.)

## *B. Motion to Quash[2]*

The Hague Service Convention, which applies in all cases where there is occasion to transmit a judicial or extrajudicial document for "service abroad", has been ratified by both the United States and the Federal Republic of Germany. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988). The Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Id*. "Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." *Id*.

Plaintiffs, citing *Volkswagenwerk*, 486 U.S. at 707, argue that service to Andreas Stihl under the Hague Service Convention is unnecessary because they properly served Stihl, its domestic, wholly-owned subsidiary and purported agent, in accordance with Indiana Trial Rule

---

[1] Also in their response brief, Plaintiffs argue, although unrelated to the motion to quash, that diversity jurisdiction does not exist in this action. (Resp. 1-2.)

[2] "In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made." *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986); *see also Romo v. Gulf Stream Coach, Inc*., 250 F.3d 1119, 1122-23 (7th Cir. 2001); *Ojea v. Mazda Motor Corp*., No. 07 C 3635, 2007 WL 3087122, at *1 (N.D. Ill. Oct. 18, 2007). Consequently, Plaintiffs' attempted service to Andreas Stihl, which occurred prior to removal, is governed by the Indiana Rules of Trial Procedure, rather than the Federal Rules of Civil Procedure.

4.6(A)(1), which provides that service upon a foreign organization may be made upon its executive officer, "or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Therefore, as Plaintiffs see it, there is no need to transmit documents for "service abroad", and thus the Hague Service Convention does not apply. (Resp. 5); *see Volkswagenwerk*, 486 U.S. at 707 ("The only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service.").

In *Volkswagenwerk*, the Supreme Court concluded that service was proper upon the defendant German corporation when its domestic, wholly-owned subsidiary was served, because the subsidiary was deemed its agent due to a relationship that was "so close" that it was certain that the parent was fully apprised of the suit by delivery to the subsidiary. 486 U.S. at 707. The Supreme Court further reasoned that because service was properly effected under the Illinois long-arm statute without transmitting the documents abroad, the Hague Service Convention did not apply.

On the current record, Plaintiffs' argument under *Volkswagenwerk* falls short. "[T]he mere fact that a wholly-owned subsidiary of a parent corporation is doing business in the forum state does not make the subsidiary the process agent of the parent." *Gen. Fin. Corp. v. Skinner*, 426 N.E.2d 77, 84 (1981). Rather, only "where the parent corporation exercises such a degree of control over its subsidiary that the activities of the subsidiary were, in fact, the activities of the parent within the state, substituted service of process on the subsidiary is sufficient service on the parent." *Id*. (collecting cases). Here, in contrast to *Volkswagenwerk*, Plaintiffs make no attempt to show that Stihl is under such a degree of control by Andreas Stihl that it would rise to the level of an agent. Nor have Plaintiffs demonstrated that Andreas Stihl appointed Stihl as its

4

agent for service of process. As a result, Plaintiffs' service of process to Stihl does not substitute as service to Andreas Stihl under Indiana Trial Rule 4.6(A)(1), and therefore the motion to quash will be GRANTED.[3]

## C. Andreas Stihl's Objection to Plaintiffs' Request for Additional Time Within Which to Complete Service under the Hague Service Convention

In the event that the Court finds their attempted service invalid, Plaintiffs request that they be afforded additional time within which to complete service of process on Andreas Stihl in accordance with the Hague Service Convention. Andreas Stihl argues, without citation to any legal authority, *see* N.D. Ind. L.R. 7.1(e), that Plaintiffs should be denied any additional time within which to complete such service because Plaintiffs "waited until near the end of the 120 day period in which to serve process" and offer no "good cause" for their delay. (Reply 6-7.)

Andreas Stihl's timeliness argument is without merit. Neither the Hague Service Convention nor the Indiana Rules of Trial Procedure articulate a time limit for effecting service. *See Kinslow v. Ind. Dept. of Corrs.*, No. 3:07-CV-5-JVB, 2009 WL 2970394, at *3 (N.D. Ind.

---

[3] Furthermore, although Indiana Trial Rule 4.4(B)(2) provides that any nonresident who is doing business in Indiana "shall be deemed to have appointed the Secretary of State as his agent upon whom service of summons may be made", in order for such service to be constitutionally effective there must be a showing by the plaintiff "that due diligence to ascertain the defendant's whereabouts was exercised and service through the Secretary of State was reasonable under the circumstances." *Munster v. Groce*, 829 N.E.2d 52, 60-61 (Ind. Ct. App. 2005). Here, there is no suggestion that Plaintiffs did not know Andreas Stihl's whereabouts (in fact, it appears that Plaintiffs provided the Indiana Secretary of State with Andreas Stihl's address), and thus Plaintiffs' service to the Indiana Secretary of State is ineffective.

In addition, while the primary means of service under the Hague Service Convention is through a receiving country's "central authority", some courts have interpreted Article 10(a) of the Convention—which provides "the freedom to send judicial documents, by postal channels, directly to persons abroad" provided the state of destination does not object—to include service by mail. *See Koss Corp. v. Pilot Air Freight Corp.*, 242 F.R.D. 514, 516 (E.D. Wis. 2007) (collecting cases and acknowledging that the Seventh Circuit Court of Appeals has not definitely resolved the issue and that district courts in the circuit are split on the matter). Article 10(a), however, does not itself affirmatively authorize service by international mail but merely states that it "shall not interfere with" the "freedom" to use postal channels. *Id*. at 517. Therefore, in order for the service by registered mail to be valid under an Article 10(a) theory, it would have to be authorized by Indiana Trial Rule 4.6(A)(1). *Id.* Here, however, the summons sent via registered mail by the Indiana Secretary of State was addressed to "Andreas Stihl AG & Co., KG", not an executive officer thereof, and thus was ineffective under Indiana Trial Rule 4.6(A)(1). *See, e.g.*, *Volunteers of America v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 660 (Ind. Ct. App. 2001).

Sept. 11, 2009); *Ojea*, 2007 WL 3087122, at *1; *Geiger & Peters, Inc. v. Am. Fletcher Nat'l Bank & Trust Co.*, 428 N.E.2d 1279, 1282 (Ind. Ct. App. 1981). And although Federal Rule of Civil Procedure 4(m) provides for the dismissal of an action if a defendant is not served within 120 days after the complaint is filed, it *also* states that the 120-day time limit "does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Thus, Andreas Stihl's timeliness objection is a non-starter. *Cf. Ojea*, 2007 WL 3087122, at *1 (concluding that because the Hague Service Convention does not establish a time limit for service of process, Illinois's thirty-day time limit for service of process is not preempted and thus applies).

### D. Conclusion

For the foregoing reasons, Defendant Andreas Stihl's motion to quash is GRANTED.[4] Plaintiffs may, however, complete the steps necessary to effect process on Andreas Stihl under the Hague Service Convention.

SO ORDERED.

Entered this 28th day of February, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[4] Although Plaintiffs assert in their response brief that diversity jurisdiction does not exist, they do not offer any evidence or authority in support of such argument or seek a remand of the case. If they believe the Court does not have subject matter jurisdiction, Plaintiffs should file a motion for remand under 28 U.S.C. § 1447(c), which provides that the Court may remand the case if it lacks subject matter jurisdiction. On the other hand, Plaintiffs can file a motion under Federal Rule of Civil Procedure 26(d)(1) seeking to do discovery for a limited purpose prior to filing such a remand motion. On the current record, however, it appears that diversity jurisdiction does indeed exist.